# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**SOUTHERN FINANCIAL GROUP, LLC**                                    **PLAINTIFF**

v.                                                          **CIVIL ACTION NO. 3:18-CV-415-CRS**

**COMMONWEALTH OF KENTUCKY,**
**COUNTY OF OLDHAM, FISCAL COURT, et al.**                          **DEFENDANTS**

## MEMORANDUM OPINION

### I. Introduction

This case is before the Court on two interrelated motions. Defendants have moved for judgment on the pleadings. DN 14. Plaintiff responded and cross-moved for summary judgment. DNs 15, 18. Defendants replied in support of their motion for judgment on the pleadings and responded in opposition to Plaintiff's motion for summary judgment. DNs 16, 19. Plaintiff replied in support of its motion for summary judgment. DN 17. Therefore, this matter is ripe for review. Finding that the Defendants are entitled to the sovereign immunity of the Commonwealth of Kentucky, the Court will grant the Defendants' motion for judgment on the pleadings, deny the Plaintiff's motion for summary judgment, and dismiss the case without prejudice.

### II. Legal Standard

#### A. Defendant's Motion for Judgment on the Pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). To the extent a Rule 12(c) motion challenges the pleading of plaintiff's complaint, the inquiry is equivalent to that used under Rule 12(b)(6). *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007). Therefore, to survive a Rule 12(c)

motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Eidson v. Tenn. Dept. of Child Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

In undertaking this inquiry, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009). The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). "The defendant has the burden of showing that the plaintiff has failed to state a claim for relief[.]" *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015).

    **B.**     **Plaintiff's Cross-Motion for Summary Judgment**

A party moving for summary judgment must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be

no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A genuine issue for trial exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* In undertaking this analysis, the Court must view the evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

The party moving for summary judgment bears the burden of establishing the nonexistence of any issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). They can meet this burden by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the . . . presence of a genuine dispute." FED. R. CIV. P. 56(c)(1). This burden can also be met by demonstrating that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

**III.     Factual and Procedural Background**

In 2003, Bramer-Ferriell-Stoess, LLC ("Bramer") and Hy-Point Family Limited Partnership began work on a commercial and residential real estate development in Oldham County, Kentucky known as the Claymont Springs Subdivision. DN 1 at 2. To finance the development, Bramer obtained a loan from Branch Banking & Trust Company ("BB&T") in the principal amount of $2.2 million on December 21, 2006. *Id.* To evidence and secure the loan, Bramer executed a promissory note and a real estate mortgage. *Id.* at 2–3. At the same time, Bramer obtained two irrevocable standby letters of credit from BB&T totaling $134,600 to construct certain improvements and erosion controls required by regulations from the Oldham County Fiscal Court and the Oldham County Planning and Zoning Commission (collectively "Oldham County"). *Id.* at 3.

BB&T assigned the promissory note and mortgage executed by Bramer to Southern Financial Group, LLC ("Southern") in 2010. *Id.* Afterward, on April 6, 2011, Southern agreed to post cash bonds to replace the irrevocable standby letters of credit from BB&T. *Id. See also* DN 1-1 (cash bond agreement). The agreement reduced the amounts previously pledged to $94,000. *Id.* One provision of the contract, the progenitor of this case, states:

> The above amounts will be held by the P&Z until construction of the Project is completed, whereupon all of the cash deposits will be returned to SFG, PROVIDED, the cash deposits shall not be held longer than one year from date.

DN 1-1 at 1. Southern, asserting that the contract language required Oldham County to return the cash deposits within one year of the agreement's execution, made written demand for return of the funds. DN 1-2. Oldham County denied the request, noting that "[t]he project has not been completed." DN 1-3. Southern filed suit on June 28, 2018, against Oldham County asserting claims for breach of bond agreement, unjust enrichment, conversion, breach of fiduciary duty, and breach of bailment. *See generally* DN 1.

**IV.     Discussion**

As an initial (and ultimately final) matter, the Court considers the application of the doctrine of sovereign immunity to claims against Oldham County. The protection conferred by federal sovereign immunity doctrine is unavailable because it "does not extend to counties and similar municipal corporations." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977) (citations omitted). Therefore, a federal court may entertain state-law claims against counties to the extent that it has diversity jurisdiction. However, in such a scenario, the Court must necessarily apply state-law sovereign immunity principles. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 79 (1938). *See also Corbean v. Xenia City Bd. of Educ.*, 366 F.2d 480, 481 (6th Cir. 1966) (applying state sovereign immunity doctrine to state-law tort claims in diversity case); *Shepherd v. Floyd Cty., Ky.*, 128 F. Supp. 3d 976, 979–80 (E.D. Ky. 2015) ("Federal courts must

apply state substantive law, including immunities, when dealing with . . . state law claims in federal court.").

It is well-settled that Kentucky "[c]ounties, which predate the existence of the state and are considered direct political subdivisions of it, enjoy the same immunity as the state itself." *Comair, Inc. v. Lexington-Fayette Urban Cty. Airport Corp.*, 295 S.W.3d 91, 94 (Ky. 2009) (citations omitted). As a result, claims may not be maintained against Oldham County without the consent of the Commonwealth. Such consent is only obtainable from the General Assembly. *See* KY. CONST. § 231 ("The General Assembly may, by law, direct in what manner and in what courts suits may be brought against the Commonwealth."). Sovereign immunity "may be waived by the legislature, provided it does so 'by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction.'" *Gaither v. Justice & Pub. Safety Cabinet*, 447 S.W.3d 628, 633 (Ky. 2014).

In attempting to demonstrate such consent, Southern points to a Kentucky statute that provides:

> Any person, firm or corporation, having a lawfully authorized written contract with the Commonwealth . . . may bring an action against the Commonwealth on the contract, including but not limited to actions either for breach of contracts or for enforcement of contracts or for both. Any such action shall be brought in the Franklin Circuit Court and shall be tried by the court sitting without a jury. All defenses in law or equity, except the defense of governmental immunity, shall be preserved to the Commonwealth.

KY. REV. STAT. § 45A.245(1). The parties correctly note that the statute "is an unqualified waiver of immunity in all cases based on a written contract with the Commonwealth." *Univ. of Louisville v. Rothstein*, 532 S.W.3d 644, 647 (Ky. 2017). On that basis, Defendants concede that the contract claim may continue. DN 16 at 7 ("Plaintiff is correct that the contract claim is not precluded by sovereign immunity; Defendants did not argue that it was."). However, the parties

5

overlook the portion requiring an action under the section to be brought in the Franklin County Circuit Court.

That statutory provision, far from superfluous, operates as a specific limitation on the Commonwealth's waiver of immunity. Such conditions are clearly permissible. *Davis v. Wingate*, 437 S.W.3d 720, 725 (Ky. 2014) ("We do not dispute the General Assembly's ability to designate specific claims appropriate for specific courts. For example, a number of statutes assign claims exclusively to Franklin Circuit.") (citing KY. REV. STAT. § 45A.245(1)). Recognizing that principle, federal courts in Kentucky have repeatedly dismissed actions for breach of contract against the Commonwealth where they were filed in federal court, rather than in the Franklin County Circuit Court. *See e.g. Campbell v. Univ. of Louisville*, 862 F. Supp. 2d 578, 585 (W.D. Ky. 2012) ("while the state has waived its immunity for claims pertaining to written contracts, it has done so only for actions brought in Franklin County, Kentucky, Circuit Court"); *Ali v. Univ. of Louisville*, No. 3:17-CV-638-RGJ, 2019 WL 539098, at *9 n.3 (W.D. Ky. Feb. 11, 2019) (slip op.) (contract claim reliant on § 45A.245(1) "would not be properly before the Court" since it must be brought in Franklin County Circuit Court); *Tyler v. Univ. of Louisville*, No. 3:06-CV-151-R, 2006 WL 3412273, at *12 (W.D. Ky. Nov. 27, 2006) (if waiver exists under § 45A.245(1), "the breach of contract against the University must be brought by the Plaintiff in Franklin Circuit Court"); *Mattingly v. Univ. of Louisville*, No. 3:05-CV-393-H, 2006 WL 2178032, at *6 (W.D. Ky. July 28, 2006) ("section 45A.245(1) . . . confers exclusive jurisdiction in the Franklin Circuit Court"); *Appalachian Stream Restoration, LLC v. Kentucky*, No. 3:17-CV-103-GFVT, 2019 WL 1005196, at *3 (E.D. Ky. March 1, 2019) (slip op.) ("Section 45A.245 contains a valid waiver of sovereign immunity as to [plaintiff's] contractual claims, provided such claims are brought in Franklin Circuit Court"); *In re Shelbyville Road Shoppes,*

*LLC*, 486 B.R. 848, 851 (Bankr. W.D. Ky. 2013) ("while the statute does provide a waiver of sovereign immunity for contract actions, the statute confers exclusive jurisdiction for such actions against the State in the Franklin Circuit Court").

As a federal court sitting in diversity, § 45A.245's provisions are mandatory. The statute places explicit limitations on its waiver of the Commonwealth's sovereign immunity for breach of contract claims, which this Court must apply. As a result, the contract claim will be dismissed without prejudice. Southern's other claims for unjust enrichment, conversion, breach of fiduciary duty, and breach of bailment all sound in tort, rather than contract. There has been no categorical waiver of sovereign immunity from torts by the Commonwealth and Southern does not point to a statute waiving sovereign immunity for the enumerated torts. As a result, Kentucky retains the traditional immunity from suit as to those claims, which must also be dismissed without prejudice.

**V.     Conclusion**

As a direct political subdivision of the Commonwealth of Kentucky, a county cannot be sued unless sovereign immunity has been waived or abrogated. In this case, no federal or state law displaces the ancient system of sovereign immunity such that this Court may resolve the claims presented by Southern. To the extent sovereign immunity is abrogated for contract claims, the proper (and only) venue for those claims is the Franklin County Circuit Court. As a result, the Court is required to dismiss the claims, and does so.

A separate order will be entered in accordance with this opinion.

May 13, 2019

**Charles R. Simpson III, Senior Judge**
**United States District Court**